# IN THE COURT OF APPEALS OF IOWA

No. 18-1247
Filed February 6, 2019

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**L.R., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

The juvenile court terminated Laina's rights in her child, J.R. (age 3), pursuant to Iowa Code section 232.116(1)(h) and (i) (2018). In this appeal, Laina claims there is insufficient evidence supporting the statutory grounds authorizing the termination of her parental rights. She also claims termination of her parental rights is not in the child's best interest and her bond with the child should preclude termination.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established. *See In re A.S.*, 906 N.W.2d 467, 472-73 (Iowa 2018) (setting forth the statutory framework). The burden is on the State to prove by clear and convincing evidence (1) the statutory ground or grounds authorizing the termination of parental rights and (2) termination of parental rights is in the best interest of the child. *See In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017).

We first address Laina's challenge to the sufficiency of the evidence supporting the statutory grounds authorizing termination of her parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We choose to address the sufficiency of the evidence supporting section 232.116(1)(h).

Under Iowa Code section 232.116(1)(h), the juvenile court may terminate parental rights when:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

With respect to the last element, we have stated this "require[s] clear and convincing evidence the child[] would be exposed to an appreciable risk of adjudicatory harm if returned to the parent's custody at the time of the termination hearing." *See E.H.*, 2017 WL 2684420, at *1.

On de novo review, we conclude sufficient evidence supports the termination of Laina's parental rights pursuant to Iowa Code 232.116(1)(h). J.R. was three years old at the time of termination. He was adjudicated a child in need of assistance in 2017. J.R. had been removed from his home for the eleven months preceding the order terminating Laina's parental rights. And, the evidence shows J.R. could not be returned to Laina's care within the meaning of section 232.116(1)(h) at the time of the termination hearing.

With respect to this last element, the record reflects this family came to the attention of the Iowa Department of Human Services (DHS) in May 2017 due to reports that J.R.'s great-grandfather attempted to smother the child with a blanket. Upon investigation of the family, a methamphetamine pipe, a marijuana pipe, and baggies containing methamphetamine residue were discovered in the home. DHS also discovered bruising on J.R.'s thigh and leg consistent with inflicted rather than accidental injuries. J.R. also had head lice and an ear infection.

Laina is intellectually disabled and has been placed under the legal guardianship of her mother, Mindy. Mindy has refused to consent to drug testing during these proceedings. Mindy no longer lives with Laina and has attempted to transfer Laina's guardianship to Laina's stepfather, Lynn. That attempted transfer was legally deficient, but Lynn currently resides with and cares for Laina.

Laina is unable to provide proper supervision over J.R. During many of Laina's visits with J.R., she was inattentive and distracted. *See In re J.K.*, No. 03-1413, 2003 WL 22346526, at *3 (Iowa Ct. App. Oct. 15, 2003) (finding a parent's inattentiveness weighs in favor of termination of parental rights). She was absorbed in using her phone and conversing with others rather than watching her child. On one occasion, she left an open bottle of pills within J.R.'s reach. *See In re P.S.*, No. 15-0468, 2015 WL 3626438, at *1 (Iowa Ct. App. June 10, 2015) (affirming termination where the mother left medication in reach of her children). During visits in public restaurants, she consistently allowed J.R. to wander off and even sit at tables with strangers. *See In re B.M.S.*, No. 06-1862, 2007 WL 108332, at *2 (Iowa Ct. App. Jan. 18, 2007) (finding exposure to strangers was dangerous for the child). DHS explained Laina is "more of a playmate for [J.R.] than a parental figure."

Laina failed to bring necessities to her visits with J.R., including diapers, wipes, and money for J.R.'s meals. She was also unable to provide necessary care during those visits. *See In re M.J.B.*, No. 07-1904, 2008 WL 141625, at *1 (Iowa Ct. App. Jan. 16, 2008) (finding the child could not be safely returned to his mother when she was "unable to demonstrate basic parenting skills"); *In re R.B.*, No. 02-1824, 2003 WL 290028, at *1 (Iowa Ct. App. Feb. 12, 2003) (terminating

parental rights where the father had "not demonstrated the basic parenting skills necessary to care for his children"). Laina struggles with basic parenting tasks, such as changing diapers. When a Family Safety, Risk, and Permanency Services worker instructed Laina to cut food into appropriate sizes for J.R., Laina explained that she did not know how to because her stepfather cuts her food. Laina has also been consistently unable to maintain her own hygiene. *See In re. C.*, 322 N.W.2d 76, 82 (Iowa 1982) (finding mother's failure to maintain basic hygiene militated in favor of termination). Laina attended visits unkempt and reeking of cat urine. It is unlikely Laina would be able to hygienically care for her child. *See M.J.B.*, 2008 WL 141625, at *1 (finding lack of "the ability to properly care for herself" militated in favor of termination of the mother's rights). Laina also ended multiple visits early, claiming she was too tired to continue the visits.

Laina is not able to provide an adequate home for J.R. Drug paraphernalia was found in Laina's home. *See In re H.C.*, No. 07-0338, 2007 WL 1486091, at *3 (Iowa Ct. App. May 23, 2007) (affirming termination where drug paraphernalia was found within the child's home). Laina dated a known sex abuser during these proceedings. *See In re C.E.*, No. 15-0835, 2015 WL 5578395, at *1 (Iowa Ct. App. Sept. 23, 2015) (affirming termination of mother's rights where the children were exposed to the presence of a known sex abuser in the home). Furthermore, Laina's stepfather testified that the family's cats urinate throughout the house, including on clothing. *See In re M.C.*, No. 18-0875, 2018 WL 6418760, at *4 (Iowa Ct. App. Dec. 5, 2018) (finding unsanitary condition of the home supported termination of parents' rights); *In re V.K.*, No. 10-0485, 2010 WL 1881864, at *5 (Iowa Ct. App. May 12, 2010) ("The inability to maintain a sanitary home without

outside assistance clearly shows that D.B. is unable to provide the children with a safe environment."). We find there is sufficient evidence to terminate Laina's rights under Iowa Code section 232.116(1)(h).

We next address Laina's claim that termination of her parental rights is not in J.R.'s best interest. *See* Iowa Code § 232.116(2). When considering a child's best interest, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). We consider both the long-term and immediate interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). A parent's past performance provides us with insight into his or her future performance. *See A.B.*, 815 N.W.2d at 778; *J.E.*, 723 N.W.2d at 798.

Laina is unable to provide for the welfare of the child. Laina is under the care of another due to her inability to meet her own needs. This is strong evidence she lacks the ability to protect her child or meet his physical, emotional, and mental needs. *See In re J.E.*, No. 15-1781, 2016 WL 146868, at *2-3 (Iowa Ct. App. Jan. 13, 2016) (affirming termination of a mentally-disabled mother who had a guardian); *In re L.J.*, No. 11-0411, 2011 WL 2090177, at *4 (Iowa Ct. App. May 25, 2011) (terminating parental rights of a father with learning disabilities despite the argument that the father's guardian could help care for the child). Further, Laina's caregivers have also demonstrated an inability to provide adequate care for Laina and the child. We affirm the juvenile court's finding that termination of Laina's parental rights is in J.R.'s best interest.

Finally, we address Laina's argument that the close bond she shares with J.R. should have precluded termination of her parental rights. The juvenile court has the authority to avoid termination if it "would be detrimental to the child . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). This power is permissive rather than mandatory. *See In re T.G.*, No. 18-1195, 2019 WL 156663, at *3 (Iowa Ct. App. Jan. 9, 2019). We do not doubt that Laina has a close bond with J.R. However, the evidence shows Laina has been unable to meet the needs of the child and her custody of the child creates a risk of harm to the child. *See A.S.*, 906 N.W.2d at 473 (concluding a parent's intellectual disability is "a relevant consideration when it affects the child's well-being").

For these reasons, we affirm the judgment of the juvenile court.

**AFFIRMED.**